UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20450-BLOOM/Otazo-Reyes

NECHAMA KRASNIASKI,

    Plaintiff,

v.

ALTER NATIVE RETAIL, LLC,
*et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Alter Native Retail, LLC's ("ANR") Motion to Dismiss, ECF No. [23] ("Motion"), filed on March 16, 2023. Plaintiff Nechama Krasniaski ("Krasniaski") filed a Response, ECF No. [30], to which ANR filed a Reply, ECF No. [33]. The Court has carefully reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

**I.    INTRODUCTION**

On December 29, 2022, Krasniaski sued her former employers, Alter Native Retail, LLC ("ANR"), Shaya Boymelgreen, and Elyakim Boymelgreen ("Defendants"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County.[1] *See* ECF No. [1-1]. On February 3, 2023, ANR removed this case to federal court. ECF No. [1]. On February 3, 2023, Krasniaski filed the operative Amended Complaint. ECF No. [11].

---

[1] It appears that Shaya Boymelgreen and Elyakim Boymelgreen have yet to be served. *See* ECF No. [34].

Case No. 23-cv-20450-BLOOM/Otazo-Reyes

According to the Amended Complaint, Krasniaski worked for ANR from approximately August 15, 2021 through November 14, 2022 as an Administrative Assistant. *Id.* ¶ 3. Krasniaski alleges that she "worked an average of four (4) hours of unpaid overtime every work week." *Id*. ¶ 4. She further alleges that, some time prior to November 2, 2022, Krasniski visited the doctor "due to her high risk pregnancy." *Id*. ¶ 9. She subsequently complained to her employer that her November 2, 2022 paycheck was reduced by $500 due to that doctor visit. *Id.* She complained that Defendants' "actions were in violation of the Pregnancy Discrimination Act, Chapter 760 and Miami-Dade County Code, and that they were violating the Fair Labor Standards Act (the "FLSA") by not paying her for her owed overtime[.]" *Id*. In response to Krasniaski's complaint, ANR's managers fired her on November 14, 2022. *Id.* ¶ 10.

Krasniaski brings three claims against her former employers. In Count I, she alleges that ANR violated Florida's Whistleblower Act, Fla. Stat. § 448.102, by retaliating against her for complaining about ANR's unlawful activity. *Id.* ¶¶ 7-14. Count II asserts a violation of the FLSA, 29 U.S.C. § 201 *et seq.*, for failing to pay Krasniaski for overtime. *Id.* ¶¶ 15-30. Finally, Count III asserts a claim of retaliation under the FLSA. *Id.* at ¶¶ 31-35.

In the instant Motion, ANR moves to dismiss Counts I and III. *See generally* ECF No. [23]. ANR argues that both Counts must be dismissed because the Amended Complains does not allege that Krasniaski engaged in statutorily protected activity, and it does not establish a causal connection between alleged protected activity and Krasniaski's termination. *Id.* In the alternative to dismissal, ANR requests an order for Krasniaski to provide a more definite statement of her claims. *Id*. at 11.

In Response, Krasniaski argues that the allegations within the Amended Complaint are sufficient to support her claims. ECF No. [30].

## II.   LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

## III.   DISCUSSION

### A.  Count I: Florida Whistleblower Act (FWA)

The FWA prohibits an employer from taking "any retaliatory personnel action against an employee because the employee has: . . . (3) [o]bjected to . . . any activity, policy, or practice of the employer which is in violation of a law, rule or regulation." Fla. Stat. § 338.102. To allege retaliatory discharge under the FWA, a plaintiff must sufficiently allege "(1) that she participated in statutorily protected expression; (2) that an adverse employment action occurred; and (3) that

there was a causal link between the participation and the adverse employment action." *Pinder v. Bahamasair Holdings Ltd, Inc.*, 661 F. Supp. 2d 1348, 1357 (S.D. Fla. 2009) (citations omitted). "Statutorily protected participation is established if Plaintiff can show that she opposed an unlawful employment practice which she reasonably believed had occurred." *Padron v. BellSouth Telecomms., Inc.*, 196 F. Supp. 2d 1250, 1255 (S.D. Fla. 2002) (citing *Wu v. Thomas*, 863 F.2d 1543, 1549 (11th Cir.1989)).

ANR argues that Krasniaski has failed to sufficiently allege that she participated in statutorily protected expression. As noted, Krasniaski alleges that she complained of two issues: (1) the $500 deduction from her 11/02/22 paycheck as a result of her doctor visit, and (2) unpaid overtime. ECF No. [11] ¶ 9.

Regarding the $500 deduction, the Amended Complaint does not specify what "law, rule or regulation" that deduction violated. Fla. Stat. § 338.102(3). Rather, the Amended Complaint alleges that the deduction violated "the Pregnancy Discrimination Act, Chapter 760 and Miami-Dade County Code[.]" *Id.* ¶ 9. The Court agrees with ANR that this allegation does not suffice under Rule 8(a), because it fails to give ANR notice of *which* "law, rule or regulation" was allegedly violated. The Miami-Dade County Code, for example, contains 33 Chapters; it is unfair to require ANR to guess which "law, rule or regulation" renders the $500 deduction "an unlawful employment practice." *Padron*, 196 F. Supp. 2d at 1255.[2] Thus, Krasniaski has failed to allege that her complaint to her employer regarding the $500 deduction constitutes statutorily protected expression.

---

[2] Krasniaski cites *Taylor v. Memorial Health Systems, Inc.*, 770 So. 2d 752, 754 (Fla. 5th DCA 2000), for the proposition that "a lay-person, like Plaintiff in the instant case, does not have to cite to Florida statutes or regulations in making a complaint" to an employer. ECF No. [30] at 5. The present issue is not whether Krasniaski had to cite a law when complaining to her employer, but rather whether she must cite such a law when filing an FWA lawsuit.

4

Krasniaski's overtime complaint, by contrast, is straightforward. The FLSA requires an employee to be paid for overtime at "one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). Krasniaski alleges that, throughout her employment with ANR, she was not paid for four hours of overtime she worked each week. ECF No. [11] ¶ 4. Thus, by complaining that she was not receiving overtime compensation, as required by the FLSA, Krasniaski "participated in statutorily protected expression[.]" *Pinder*, 661 F. Supp. 2d at 1357; *Padron*, 196 F. Supp. 2d at 1255. Thus, Count I is not deficient for failing to allege that Krasniaski engaged in statutorily protected expression.

Count I *is* deficient, however, for failing to allege that Krasniaski's statutorily protected expression was the cause of her termination. The parties agree that the appropriate causation standard applicable to FWA claims is the but-for causation standard. ECF No. [23] at 7 (citing *Chaudhry v. Adventist Health Sys. Sunbelt*, 305 So. 3d 809 (Fla. 5th DCA 2020)); ECF No. [30] at 3. That standard requires "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Ramirez v. Bausch & Lomb, Inc.*, 546 F. App'x 829, 833 (11th Cir. 2013) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)). As alleged in Count I, Krasniaski's termination was caused by: (1) her complaint about the $500 deduction; and (2) her complaint about FLSA overtime violations. ECF No. [11] ¶¶ 9-10. Given that only one of those two causes has been sufficiently alleged to constitute statutorily protected expression,[3] Krasniaski has failed to allege that her termination "would not have occurred in the absence of" Krasniaski's statutorily protected expression. *Nassar*, 570 U.S. at 360. Accepting as true each of Count I's allegations, Krasniaski would have been terminated

---

[3] To be clear, the Court expresses no opinion at this stage as to whether Krasniaski's complaint about the $500 deduction constitutes statutorily protected expression. Rather, the Court concludes that Krasniaski has failed to allege that it constitutes such because she does not specify which "law, rule or regulation" was violated by the deduction. Fla. Stat. § 338.102(3).

even if she had not engaged in the statutorily protected expression of complaining about the lack of overtime pay. Therefore, Krasniaski has failed to allege "a causal link between the participation and the adverse employment action." *Pinder*, 661 F. Supp. 2d at 1357 (S.D. Fla. 2009) (citations omitted).

Accordingly, Count I is dismissed without prejudice.

### B. Count III: Fair Labor Standards Act (FLSA)

In Count III, Krasniaski asserts a claim of retaliation under the FLSA. The elements of FLSA retaliation are essentially the same as those for FWA retaliation. "A prima facie case of FLSA retaliation" consists of three elements: "(1) [the plaintiff] engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342 (11th Cir. 2000) (quotation marks omitted). ANR asserts the essentially the same arguments it made with respect to Count I of Krasniaski's complaint – that Krasniaski has failed to allege that her complaint about the $500 deduction constitutes protected activity, and she has failed to show a causal connection between protected activity and her termination. *See generally* ECF No. [23]. Krasniaski responds that, as alleged in Count III, it was Krasniaski's verbal complaint regarding the FLSA overtime violation, as opposed to the $500 deduction, which led to her termination. ECF No. [30] at 6.

A review of Count III reveals that Krasniaski is correct. Count III does not mention the $500 deduction, which was exclusively alleged in Count I. *See* ECF No. [11] ¶¶ 31-35. Count III incorporates the allegations contained within paragraphs 1-6 of the Complaint, *id.* ¶ 31, but it does not incorporate by reference the allegations within Count I. Count III is straightforward: Krasniaski alleges that she was employed by ANR, she was not paid for an average of four overtime hours

worked per week, she complained about the lack of overtime pay, and she was fired as a result of her complaint. *Id*. ¶¶ 3-4, 32-33. Because Count III contains no discussion of the $500 deduction, it does not share Count I's causality issue, as pointed out above.

IV.   **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. ANR's Motion, **ECF No. [23]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Count I of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE.**

3. Krasniaski is granted leave to file a Second Amended Complaint **on or before May 5, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 25, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record